UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN A. TABB,

    Plaintiff,

vs.

Case No. 09-CV-10027
HON. GEORGE CARAM STEEH

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

_____/

ORDER OVERRULING DEFENDANT'S OBJECTIONS (# 18)
ACCEPTING JANUARY 12, 2010 REPORT AND RECOMMENDATION (# 17)
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (# 16),
GRANTING, IN PART, PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT AND/OR REMAND (# 8),
REMANDING TO ALJ, AND
ADMINISTRATIVELY CLOSING CASE

This matter is before the court on defendant Commissioner of Social Security's motion for summary judgment, and plaintiff Kevin Tabb's motion for summary judgment and/or to remand to the Administrative Law Judge ("ALJ"), as to Tabb's claim for judicial review of the Commissioner's denial of his application for disability insurance benefits for the period December 1, 2004, through the date of the ALJ's May 22, 2008 hearing. The matter was referred to Magistrate Judge Mona K. Majzoub, who issued an eighteen-page Report and Recommendation on January 12, 2010, recommending that the matter be remanded to the ALJ pursuant to "sentence-six" of 42 U.S.C. § 405(g) and newly discovered medical records dating from November 18, 2008 through April 21, 2009.

Commissioner filed timely objections on January 26, 2010, arguing the Magistrate Judge applied an incorrect legal standard when finding "good cause" exists for a § 405(g) sentence-six remand, and erred in concluding that Tabb's proffered newly discovered evidence is "material."

"A judge of the court shall make a de novo determination of those portions of a report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." Id.

A district court may affirm, modify, or reverse the Commissioner's decision, with or without remand. See 42 U.S.C. § 405(g). Studaway v. Secretary of Health and Human Servs., 815 F.2d 1074, 1076 (6th Cir. 1987). A district court enjoys discretion to remand to the Commissioner for consideration of new and material evidence that for good cause shown was not previously presented to the Commissioner. Faucher v. Sec. Health and Human Servs., 17 F.3d 171, 174 (6th Cir. 1994) (citing 42 U.S.C. § 405(g)); Sizemore v. Sec. of Health and Human Servs., 865 F.2d 709, 711, 711 n.1 (6th Cir. 1988); Elliot v. Apfel, 28 Fed. App'x 420, 424 (6th Cir. Jan. 22, 2002). Evidence is "new" if it was not in existence at the time of the ALJ proceeding. Foster v. Halter, 279 F.3rd 348, 357 (6th Cir. 2001). New evidence is considered "material" if the plaintiff demonstrates there is a reasonable probability that the Commissioner would have reached a different disposition of the claim if presented with the new evidence. Id. (citing Sizemore, 865 F.2d at 711). "Good cause" exists for a sentence-six remand if the plaintiff demonstrates a "reasonable justification for the failure to acquire and present the evidence for inclusion in the hearing before the ALJ." Id. (citing Willis v. Sec'y of Health & Human Servs., 727 F.2d 551, 554

(1984)). The plaintiff bears the burden of showing that remand is appropriate. Id.

On de novo review of defendant Commissioner's objections, the court finds that plaintiff Tabb has demonstrated that the November 18, 2008 through April 21, 2009 Henry Ford Health System Reports updated by Dr. Needlemen constitute new and material evidence that, for good cause shown, were not provided to the Commissioner before the May 22, 2008 ALJ hearing. Faucher, 17 F.3d at 174; Sizemore, 865 F.2d at 711, 711 n.1; Elliot, 28 Fed. App'x at 424. Commissioner does not dispute that these records are "new" because they were not in existence at the time of the May 22, 2008 hearing. As pointed out by the Magistrate Judge, these records also constituted new objective CAT Scan evidence that a left foot subtalar arthrodesis performed on Tabb in 2004 was unsuccessful, resulting in "a nonunion of [Plaintiff's] previous arthrodesis site" and "a nonunion of attempted subtalar arthrodesis with one transfixion screw[.]" See Docket No. 12-2, at 1-2, 5. Prior to the May 22, 2008 hearing, a bone scan performed on March 18, 2008 indicated only the possibilities of osteomyelitis (bone infection), hardware loosening, or a fracture.

As the Commissioner argues, proof only that medical records did not exist at the time of the ALJ hearing has been found insufficient to satisfy the "good cause" test; the plaintiff must provide a valid reason why he did not obtain the new evidence prior to the hearing. Oliver v. Sec'y of Health & Human Servs., 804 F.2d 964, 966 (1986) (citing Willis, 727 F.2d at 554). Reviewing Tabb's medical history as reflected in the record, it is clear to this court that Tabb did not obtain other objective evidence of the nonunion of the left ankle arthrodesis site prior to the May 22, 2008 hearing because his treating physicians had not yet performed a CAT Scan, or otherwise diagnosed the nonunion. Tabb could not be expected to demand a CAT Scan from his treating physicians, or to otherwise

3

objectively diagnose his left ankle problems.  Tabb was not dilatory in seeking treatment. Tabb has a valid reason why he did not submit objective evidence of the nonunion of the left ankle arthrodesis site prior to May 22, 2008, and has thus established "good cause." Oliver, 804 F.2d at 966.

The court is also persuaded that the new objective evidence of the nonunion of the left ankle arthrodesis site is "material" because there is a reasonable probability that the ALJ would have reached a different disposition of Tabb's claim if he had been presented with the new evidence.  Foster, 279 F.3rd at 357.  All that is required is a reasonable probability.  The ALJ properly "considered all symptoms and the extent to which these symptoms can reasonably be expected as consistent with the objective medical evidence," R, at 17, but was unaware of the nonunion of the left ankle arthrodesis site as reflected by the CAT Scan evidence.  See R, at 18-19.  This new evidence creates a reasonable probability that the ALJ may reassess Tabb's credibility regarding his claimed symptoms of pain and fatigue.  See R, at 19 (the ALJ writing that "[a]fter considering the evidence of record, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to produce all the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are credible only to the extent they are inconsistent [consistent?] with the residual functional capacity assessment."  A reasonable probability exists that, upon examining the objective evidence set forth in the November 18, 2008 through April 21, 2009 Henry Ford Health System Reports, the ALJ may reach a different disposition of Tabb's claim notwithstanding Tabb's testimony at the May 22, 2008 hearing.

On de novo review, defendant Commissioner's objections are hereby OVERRULED.

The court hereby adopts Magistrate Judge Majzoub's January 12, 2010 Report and Recommendation, as modified herein. Defendant Commissioner of Social Security's motion for summary judgment is hereby DENIED, without prejudice. Plaintiff Tabb's motion for summary judgment and/or remand is hereby GRANTED, in part, to the extent this matter is hereby REMANDED to the ALJ for further proceedings consistent with the January 12, 2010 Report and Recommendation and analysis as set forth herein. This case is hereby ADMINISTRATIVELY CLOSED while the Commissioner considers the newly discovered evidence. If necessary, the case may reopened by either party on motion without incurring additional fees.

    SO ORDERED.

Dated: February 11, 2010

                                          s/George Caram Steeh
                                          GEORGE CARAM STEEH
                                          UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on February 11, 2010, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk